Chief Justice Robertson
delivered the following Opinion, at the last Term — June 2; but a petition fora re-hearing was after-wards presented, by which the decision was suspended until this day, when the petition was overruled.
Butts being in possession of land, under an executory agreement in writing, for the purchase of it from the owners, James and David Maccoun — Chinn, with full knowledge of that contract, purchased the same land, under a fieri facias against Butt’s vendors, which had been issued long after the date of their sale to him. Both Chinn and Butts obtained deeds of conveyance— the former from the sheriff, and the latter from his vendors after the levy of the execution, but before the. sale under it.
And Chinn having, in virtue of the legal priority of his title, by relation to the delivery of the execution to the sheriff, obtained a judgment for the possession, in an action of ejectment, this suit in Chancery was thereupon instituted by Butts, for enjoining that judgment, and for obtaining a relinquishment of Chinn’s legal title.
Chinn insists that, when he bought the land under the execution, Butts owed to the Maccouns, on his contract with them, about six hundred dollars, and that he (Chinn) is therefore entitled to at least that sum, with interest, or to the land. Butts avers that he owed nothing to the *548 Maceouns, but that he had paid the whole consideration before the execution was- levied.
The legal title to land held by a def’t in ex on, may be sold by the sheriff, tho’ the def’t may have previously sold it by executory contract.— Butthe condition of the ex’on purchaser will be the same as tho’ he had bought of the def’t himself; and if he had notice of the equity, he will take the title subjecttoit. JNor will he acquire any right to the money remaining due for the land, upon the executory contract,— the debtor will, still have theright to pay it to the holder of his obligation. Tho’— the Ch’r, upon a bill filed with that view, by either purchaser, the otheraswell as the def tandholderof the obligation being parties, might decree, that the first purchaser should pay pó the purchaser under ex’on, when he decrees that the latter should relinquish the land.
The Circuit Court decreed, that Chinn should relinquish to Butts, without the payment of any thing; and he now seeks to reverse that decree.
We are inclined to the opinion that, when Chinn bought the land, Butts owed about six hundred dollars, which were not paid until the Maceouns made their deed to him; and we are bound to presume, that then the whole consideration was paid, and that Butts, therefore, now owes them nothing.
As Chinn purchased the land with notice of the preexisting equity, he cannot complain of the decree, unless, by his purchase, he acquired a right to the money which Butts still owed to the Maceouns.
Though the legal title of the Maceouns was liable to sale under the execution against them, still the purchaser took it as he would have done had he obtained it directly by a contract with them, without the intervention of a sale by the sheriff. Had Chinn thus obtained the legal title from the Maceouns ■with notice of Butt’s equity, he would not have thereby acquired a right to the amount of the consideration then due from Butts. He purchased the land subj ect to the equity of Butts; and that equity was a right to the legal title upon, payment to the Maccouns. The conveyance of their legal title to Chinn, did not transfer to him any right to the debt due to them from Butts. They still held Butt’s, bond, and he had a perfect right to pay them. Perhaps Chinn might, on a supposable state of facts, have enjoined such a payment; but he did not do so; and had Butts, instead of paying to the Maceouns the residue of the consideration, and obtaining from them a conveyance, filed a bill in Chancery against them and Chinn, before such payment and conveyance, it would have been the duty of the Chan-, cellor to decree a specific execution, and a relinquishment by Chinn, on. full payment by Butts to’ the Maccouns, unless Chinn had, by cross bill or otherwise, prayed for a decree for the payment to himself, and had shown that, in equity, he, and not the Maceouns, was entitled to it. Then Butts having voluntarily made the *549 payment to the Maccouns, as he had a right so to do, Chinn has no equitable claim against him, and cannot, on the ground of any such claim, withhold a relinquishment to him of the legal title.
But if the first purchaser is not restrained, and voluntarily pays to the holder of his obligation, (def’t in the execution) the money is beyond the reach oftheex’on purchaser.
A sheriff’s deed has relation back to the time when the ex’on came to his hands, and overreaches any conveyance executed by the def’t posterior to that time, tho’ older than the sheriff’s deed. Ante 548’.
A purchase of a reversion carries with it the incidental right to all intermediate rents and profits. But the purchase of the entire legal title, with notice of an outstanding and available equity, arising from a previous sale of the same land, by the same vendor to a stranger, does not,per se, transfer to the purchaser any right, legal or equitable, to any portion of an unpaid consideration, remaining due to the vendor from the first buyer. And if there should be any extraneous ground for an equitable substitution, it should be asserted and shown by the purchaser before the stranger,holding the prior equity, had made full payment to the vendor. If there be such an equity, it is against the vendor, and not against his debtor; and whether it exist, or will ever be asserted, the debtor cannot be presumed to know.
Chinn, by the sheriff’s deed to him, was not placed in the attitude of the Maccouns, except as to the mere legal title to the land. He did not buy, directly or incidentally, the debt due from Butts to them, nor any lien which they held on the title for enforcing that debt. He bought the naked legal title, and cannot insist on retaining it until Butts shall pay him, what he does not owe him, and would have had. no right to pay him.
Having purchased the legal title, with full notice of the outstanding equity, he did not change the rights or relations of the parties, and cannot be permitted now to frustrate or embarrass the equity to which he knew, when he purchased, that his purchase would be subject.
And, in equity, therefore, his deed is not superior, but inferior, to that of Butts, prior in date,, but posterior in law only because the sheriff’s deed had a legal relation to the delivery of the process under which it was made, and which operated as a lien on the land.
We are, therefore, of the opinion that the decree of the Circuit Court is substantially right.
Decree affirmed.