Gaston, J.
 

 The substance of the plaintiff’s bill is, that on the 4th of January 1841, he contracted with one Thomas J. Lazenby for the purchase of a tract of land, whereof the said Lazenby’s wife, by whom the said Thomas had issue,.
 
 *512
 
 was.seized in fee, that thereupon Lazénby executed to him a bond in the penal sum of .$1050, with condition to make a S00^ and lawful title for the land as early'as the same could be done, and
 
 he
 
 executed unto the said Lazenby
 
 his
 
 bond for the sum of $375, payable in good negotiable notes, and also another bond for $150, payable in a four horse wagon, amounting together to $525, the stipulated price of the land. The plaintiff further states, that on the 17th of February following a deed was executed in the name of Lazenby and wife, but which, because of some error or informality in the commission for taking her examination and in the return the commission, operated in law as the deed .of Lazenby
 
 only,
 
 whereby the said Lazenby and wife were declared to bargain and sell the said land to the plaintiff and his heirs forever, and thereupon the plaintiff entered into the possession thereof. The bill then
 
 states,
 
 that at
 
 the
 
 February Term 1841 of Iredell County Court, which was before theexecu-tion of the said conveyance, a judgment was obtained against said Lazenby ; that an execution
 
 tested
 
 of that term issued to the sheriff and was by him levied upon said land';' that a sale was made by the sheriff, notwithstanding the plaintiff gave notice of his equitable interest in the said lahd'; that the defendants bought the land at said' sale, and one of them, Blackburn, hath taken a conveyance from the sheriff and has since brought an action of ejectment to turn the plaintiff out of possession. The bill avers, that'the plaintiff, believing himself to be unquestionably the owner in equity of the land aforesaid, and supposing himself bound by the contract with Lazenby to pay the amount of his bonds to-Lazenby, hath,
 
 since
 
 the sale as aforesaid by the sheriff, paid up the whole thereof, except about the sum of $25, and the deed previously executed has been so- acknowledged by Lazenby’s wife as to render the same effectual as her conveyance. In addition to this, which we deem the subsistence-of the bill, there are statements of conversations between the plaintiff and the defendants jointly or severally, and conferences between the defendants, from which may be inferred a charge that the defendants had combined to run up the land
 
 *513
 
 at the sheriff’s sale to a high price and to get the plaintiff to take it at that price as bid off for him. The answer of the defendant Tomlinson disclaims his having had any connection with the other defendant in the purchase at the sheriff's sale. or.having any interest whatever in the land. That of the defendant, Blackburn, declares that he did bid off, as the agent of the plaintiff; that he has offered to the plaintiff the benefit of the said bid, which the plaintiff hath refused ; that he hath accordingly taken a conveyance from the sheriff and brought his ejectment because of his refusal, and he yet proposes to surrender his legal title to the plaintiff on being repaid the price he gave for the land and his costs. Both the defendants give their explanations of the conversations and conferences stated in the bill, repelling the charges of combination. Upon the coming in of these answers, it was' moved by the defendants to dissolve the injunction, which had been granted upon the filing of the bill, against the proceeding i'u the action1 of ejectment instituted by Blackburn. This motion was refused, and from the interlocutory order, keeping up the injunction, the defendants were permitted to appeal to this court.
 

 It seems to us that there is no equity in the cause made by the bill to warrant the injunction. At the
 
 teste
 
 of the execution under which Blackburn bought, Lazenby, ihc debtor, was seized of a legal estate as tenant by the curtesy initiate, for the term of his life, and this estate was liable to sale under that execution. If Blackburn purchased for himself, he acquired under the sheriff’s conveyance that legal estate, subject of course to all the equities in relation thereto which bound Lazenby.
 
 Dudley
 
 v Cole, 1 Dev.
 
 &
 
 Bat. Eq. 429.
 
 Freeman
 
 v
 
 Hill,
 
 Do. 389. The plaintiff, who had then paid no part of the purchase money under his contract, had no right to demand a conveyance of this legal estate from Blackburn, without paying to Blackburn either what it cost him or a ratable part of the price which the plaintiff had stipulated to give for the fee simple interest.
 
 Lynch
 
 v
 
 Gibson,
 
 N. C. Term Reps. 244.
 
 Forth
 
 v
 
 Duke of Norfolk,
 
 4 Mad. 507. (note.) Blackburn, not Lazenby, was then the?
 
 *514
 
 owner of the life'estate, and Blackburn, not Lazenby, was equitably entitled to the price thereof, if the pjaintiff chose to insist on the purchase. The plaintiff had his remedy against Lazenby on the bond to make a good title, or he might have rescinded the contract altogether and had his covenants delivered up. His voluntary act, after it had been ascertained chat Lazenby could not convey the free-hold, because it had been assigned to Blackburn, in paying to Lazenby the entire price of the tract, may have been done as he alleges under the supposition that Lazenby had a right to receive it. But this was a mistake, and he had no equity.to throw the loss thereby sustained upon Blackburn, who in no manner caused the mistake. If, on the other hand, he chooses to regard Blackburn as having bought Lazenby’s legal estate
 
 for
 
 Mm, nothing is as yet satisfactorily disclosed, which entitles-him to an assignment of that estate upon more favorable terms than those which Blackburn agrees to accept. It is the opinion of this court that the injunction ought to have been dissolved, and this opinion must be certified to the Court of Equity for the county of Iredell. The plaintiff must pay the costs of the appeal. '
 

 Ter Curiam. Ordered accordingly.