## WOLCOTT *v.* MADDEN.

WHERE the findings show that a plaintiff brought suit without offering or tendering a conveyance of certain property, according to the terms of a certain instrument of writing, and the court held he was not entitled to recover, affirmed without prejudice.

APPEAL from Curry County.

*R. S. Strahan,* for appellant.

*Cyrus Madden,* for respondent.

By the Court, LORD, J.:

Upon the issues presented by this case, the court found at the time of the execution of the deed, the note referred to in the pleadings was surrendered to the defendant, but that contemporaneously with the execution of the deed, another writing was entered into between the plaintiff and defendant which gave the deed the effect of a mortgage, the terms of which allowed the defendant a reasonable time within which to sell a certain mine to pay the sum sued for, and upon the expiration of which time the plaintiff was to reconvey the property. The court also found that the mine had not been sold, but did not find whether a reasonable time had expired, and further that the plaintiff had not made, or tendered any conveyance to the defendant.

Conceding the time to have expired, the plaintiff was required to have tendered a conveyance of the property before

suing. He certainly ought not to be allowed to collect the debt, and keep the property also. The respondent suggests in his brief the surrender of the note was payment, and there was therefore no debt due upon which a mortgage could operate, and that the findings in this respect were error. The findings show that the note was surrendered because it was merged into another, or higher security. The plaintiff, however, not having tendered the deed, there was no error in the judgment of the court, which must be affirmed without prejudice to further proceedings.