Argued May 6, decided June 30, rehearing denied August 18, 1908.

## MAY v. EMERSON.

[96 Pac. 454: 96 Pac. 1065.]

ESCROWS—DELIVERY—TIME WHEN INSTRUMENT TAKES EFFECT.

1. The general rule is that where a deed is deposited in escrow, to be delivered to the vendee on payment of the purchase price, the title passes to the vendee from the second delivery.

SAME—RELATION BACK TO FIRST DELIVERY.

2. Where a deed is deposited in escrow, to be delivered to the grantee on payment of the price, the second delivery cannot take effect by relation, when the grantor is able to make, and the grantee is able to receive, such second delivery absolutely.

JUDGMENT—LIEN—DEED IN ESCROW.

3. Where a deed is deposited in escrow, to be delivered on payment of the price, the interest of the vendor in the land is available to a creditor through the lien of a judgment obtained after the contract of purchase was made, and thereafter payments made to the vendor by the vendee are at the latter's peril, and to the extent of the unpaid price the creditor's lien will bind the land.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE.

4. Where a deed is deposited in escrow, to be delivered on payment of the purchase price, the mere docketing of a judgment against the vendor is not constructive notice to the vendee, and he is entitled to the benefit of all payments made to the vendor until he has actual knowledge of the lien.

SAME—PAYMENT TO WRONG PARTY—FORFEITURE OF CONTRACT.

5. Where a deed was deposited in escrow, to be delivered on payment of the price to the depository, and thereafter, but before payment of the money, a creditor of the vendor obtained a judgment against him, and purchased the land at execution sale, the payment of the money by the vendee to the depository was not an act of forfeiture of the vendee's right under the contract of purchase, though such payment may be a loss to him.

SAME—RIGHTS OF VENDEE AS TO CREDITOR.

6. Where a deed was deposited in escrow, to be delivered on payment of the price to the depository, and before payment a creditor of the vendor obtained a judgment against him, and purchased the land at execution sale, such creditor could not oust the vendee from his possession under the contract of purchase, until he had placed him in default, by tendering him a deed and demanding the money.

From Baker: WILLIAM SMITH, Judge.

This is an action of ejectment by W. J. May against Reuben Emerson, and from a judgment in favor of plaintiff, the defendant appeals.

Statement by MR. JUSTICE EAKIN.

This is an action of ejectment, commenced on October 23, 1907, to recover the possession of lots 35 and 36, in block 11, Stewart's second addition to Baker City. The answer admits that defendant is in possession, and alleges that he is the owner of the lots in fee simple; and as a second defense alleges possession under a contract of purchase, as disclosed in the stipulation of facts, which includes the following: That on February 24, 1906, defendant purchased the lots from Dugan and wife, the price to be paid in monthly installments, continuing over a period of more than a year; that a deed was executed by Dugan and wife, and deposited in escrow with M. S. Hughes, to whom payments were to be made, and was to be delivered by Hughes when the payments were completed; that defendant was to have possession from the date of the purchase; that on April 12, 1906, after the purchase and before the delivery of the escrow deed, plaintiff, in an action of debt against Dugan and wife, attached the said lots, which action resulted in judgment against them on April 25, 1906; that an execution sale of said lots was had on June 12, 1906, and

confirmation thereof was had on June 22, 1906, and a sheriff's deed issued to the plaintiff on June 27, 1907; that plaintiff, at the time of the attachment, had knowledge of the contract of sale and escrow deed, and on July 15, 1906, notified the defendant of said judgment and execution sale, and demanded that payment of the purchase price be made to him; that defendant paid all the installments of the said purchase price to Hughes, according to the agreement, and received the deed from him on or about September 14, 1907. From these facts the trial court found that plaintiff acquired the title to the property free from any equity of the defendant, and rendered judgment accordingly, and the defendant appeals.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Francis M. Saxton.*

For respondent there was a brief over the names of *Messrs. Lomax & Anderson,* with oral arguments by *Mr. Lomax and Mr. Anderson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first matter for consideration is the effect of plaintiff's judgment lien and execution sale upon defendant's prior possession, under his purchase and escrow deed from Dugan and wife, defendant contending that when the conditions under which the escrow deed was deposited with Hughes were fulfilled, the deed related back to, or took effect from, the date of such deposit, and thus cut off the lien of plaintiff's judgment. The sale by Dugan to the defendant, and the deposit of the deed with Hughes, created in the defendant an equitable interest in the property, such that, upon full payment of the purchase price according to the escrow agreement, the title would vest at once in the grantee, but pending the completion of the purchase by the full payment of the price, the legal title to the property remained in the vendor and was therefore subject to attachment,

or the lien of a judgment against the vendor to the extent
of his interest therein. Such lien, obtained with notice
of the escrow agreement, is subject to the equity of the
vendee. The delivery of the deed to the vendee being
essential to pass the title, the escrow agreement only
becomes effectual for that purpose upon the fulfillment
of its conditions. The general rule is that the title passes
to the vendee from the second delivery. Devlin, Deeds,
§ 328; *Prutsman* v. *Baker,* 30 Wis. 644 (11 Am. Rep.
592). There are exceptions to this rule, as stated in 4
Kent's Commentary 454. "Generally an escrow takes
effect from the second delivery, and is to be considered as
the deed of the party from that time; but this general
rule does not apply when justice requires a resort to
fiction. The relation back to the first delivery, so as
to give the deed effect from that time, is allowed, in
cases of necessity, to avoid injury to the operation of the
deed from events happening between the first and second
delivery. * * But if the fiction be not required for any
such purpose, it is not admitted, and the deed operates,
according to the truth of the case, from the second
delivery." *Rathmell* v. *Shirey,* 60 Ohio St. 187, 197 (53
N. E. 1098); Devlin, Deeds, § 328. In *Prutsman* v.
*Baker,* 30 Wis. 644 (11 Am. Rep. 592), it is said: "This
relation back to the first delivery is permitted, however,
only in cases of necessity, and where no injustice will
be done, to avoid injury to the operation of the deed from
events happening between the first and second delivery;
as if the grantor, being a *femme sole,* should marry, or
whether a *femme sole* or not, should die or be attainted,
after the first and before the second delivery, and so
become incapable of making a deed at the time of second
delivery, the deed will be considered as taking effect
from the first delivery, in order to accomplish the intent
of the grantor, which would otherwise be defeated by
the intervening incapacity. But subject only to this
fiction of relation, in cases like those above supposed

and others of the kind, and which is only allowed to prevail in furtherance of justice, and where no injury will arise to the rights of third parties, the instrument has no effect as a deed, and no title passes until the second delivery; and it has accordingly been held that, if in the meantime the estate should be levied upon by a creditor of the grantor, he would hold by virtue of such levy, in preference to the grantee in the deed:" Washburn, Real Prop. § 2181; *Rathmell* v. *Shirey*, 60 Ohio St. 187 (53 N. E. 1098) ; *Jackson* v. *Rowland*, 6 Wend. 667 (22 Am. Dec. 557).

2. The second delivery cannot take effect by relation when the grantor is able to make, and the grantee able to receive, such second delivery absolutely. *Jackson* v. *Rowland*, 6 Wend. 667 (22 Am. Dec. 557). It is held in *Whitfield* v. *Harris*, 48 Miss. 710, that this fiction of relation will apply to ward off the intervening liens of creditors; and *Chinn* v. *Butts*, 3 Dana 547, holds to the same effect. But the weight of authority is the other way. 11 Am. & Eng. Enc. Law (2d ed.) 348, says: "But it seems to be the prevailing rule that, in the interval of time between the first and second delivery, title remains in the grantor, subject to the claims of his creditors, and that this doctrine of relation cannot be applied for the purpose of defeating such intervening claims." This text is supported by the authorities above cited, and also by *Wolcott* v. *Johns*, 7 Colo. App. 360 (44 Pac. 675) ; *Taft* v. *Taft*, 59 Mich. 185 (26 N. W. 426: 60 Am. Rep. 291) ; *Hoyt* v. *McLagan*, 87 Iowa, 746 (55 N. W. 18).

3. It is beyond controversy that the title remains in the vendor until the actual delivery of the deed. The vendor still has not only the legal title, but also an interest in the property as security for the payment of the purchase price; and this interest should be and is available to a creditor through the lien of his judgment, which lays hold of such legal title, and thereafter payments

made to the vendor by the vendee are at his peril: *Tomlinson* v. *Blackburn,* 37 N. C. 509. If the purchase price is fully paid, although the deed is not actually delivered, the vendor having but the naked legal title, the judgment creditor can acquire no more: *Stannis* v. *Nicholson,* 2 Or. 332; *Riddle* v. *Miller,* 19 Or. 468 (23 Pac. 807); *Riddle's Appeal,* 104 Pa. 171 (7 Atl. 232); *Uhl* v. *May,* 5 Neb. 157; *Elwell* v. *Hitchcock,* 41 Kan. 130 (21 Pac. 109).

4. But to the extent of the unpaid purchase price the creditor's lien will bind the property (*Kinports* v. *Boynton,* 120 Pa. 306: 14 Atl. 135: 6 Am. Rep. 706; *Lefferson* v. *Dallas,* 20 Ohio St. 68), and until the delivery of the escrow deed the rights and remedies of the creditors of the vendor are the same as in the case of an executory sale, evidenced by a bond for a deed. In both cases the vendee has but an equitable interest in the property, and the legal title remains in the vendor; and where the escrow agreement requires the vendee to make payments to the depositary, he being a mere stakeholder, without any personal interest in the fund, the vendee is only bound to pay to him, while the grantor alone is the party in interest. But when a creditor of the grantor has laid hold of his interest in the property, and the grantee has notice of that fact, he is bound by the new conditions. However, the docketing of the judgment is not constructive notice to him. He is not bound to search the records every time he makes a payment. He is entitled to the benefit of all payments made to the vendor until he has actual knowledge of the lien: Freeman, Judgments, § 364; 1 Black, Judgments, § 438; 17 Am. & Eng. Enc. Law (2d ed.) 780; *Wehn* v. *Fall,* 55 Neb. 547 (76 N. W. 13: 70 Am. St. Rep. 397); *Tayloe* v. *Thompson,* 5 Pet. 357 (8 L. Ed. 154); *Moyer* v. *Hinman,* 13 N. Y. 180; *Hampson* v. *Edelen,* 2 Har. & J. 64 (3 Am. Dec. 530); *Parks* v. *Jackson,* 11 Wend. 442 (25 Am. Dec. 656).

Defendant was not required to make the payments to plaintiff as they matured, until plaintiff acquired the vendor's rights. The vendee cannot assume to determine for himself, and at his own risk, the controversy between plaintiff and his debtor; and defendant need not go into equity to settle their differences. He may stand upon his contract, and when plaintiff has acquired the vendor's right to the money by perfecting title in himself the defendant will be justified in making payment to him. In *McMullen* v. *Wenner,* 16 Serg. & R. (Pa.) 19 (16 Am. Dec. 543), it is held that the sale on execution binds the legal estate, and the execution purchaser stands in the place of the original vendor, and is entitled to the unpaid purchase money, the payment of which he can enforce by ejectment; and this works no hardship on the vendee, as he can protect himself by withholding further payments, unless he is indemnified. And upon payment to the judgment creditor he is entitled to a conveyance of the legal title vested in the sheriff's vendee. *Moyer* v. *Hinman,* 13 N. Y. 180; Id., 17 Barb. (N. Y.) 137. In the latter case it is held that the judgment against the vendor is a charge upon the land, and binds the legal title; but equity limits and restricts this lien to the amount of the unpaid purchase money due from the vendee, and the vendee may insist upon a conveyance of the premises upon payment of the purchase price.

In *Stewart* v. *Coder,* 11 Pa. 90, it is held that when the vendor retains the legal title for the security of unpaid purchase money, a judgment against him is a lien, not only on the naked title, but it also attaches on the money remaining unpaid, and the execution purchaser may enforce payment by an action in ejectment. A judgment creditor has a right to sell the vendor's interest in the property, and in that manner acquire his interest in the debt, as well as the property, as security for its payment. *Olander* v. *Tighe,* 43 Neb. 344

(61 N. W. 633) ; *Doe* v. *Startzer,* 62 Neb. 718 (87 N. W. 535). Whether the creditor has a remedy by attaching the debt, or whether in all cases that remedy would be adequate, need not be decided here; the remedy by judgment and execution sale of the vendor's interest is a proper one. But the defendant has not forfeited his rights by failing to redeem from ·plaintiff's execution sale. He is not a redemptioner until he has received the escrow deed, which he can secure only by paying the purchase price to the depositary, which would thus require a double payment; and, without the peril of litigation with the vendor, he could not pay plaintiff until the vendor's interest is extinguished. The burden is upon plaintiff to put himself in a position to demand the money from the defendant. This makes it necesary for him to acquire the vendor's right and title.

5. Defendant has pleaded possession under his contract of purchase, of which the plaintiff at all times had notice; and, until the defendant has forfeited his right to possession thereunder, he cannot be ousted. The stipulation in this case discloses that he paid the money to the depositary, but that is not an act of forfeiture, even though such payment may be a total loss to him. *Tomlinson* v. *Blackburn,* 37 N. C. 509.

6. But defendant cannot be ousted by plaintiff until the latter has placed him in default, by tendering him a deed and demanding the money. The execution of the deed by plaintiff and the payment of the purchase money by the defendant are concurrent acts. *Guthrie* v. *Thompson,* 1 Or. 353; *Wolcott* v. *Madden,* 10 Or. 370; *Powell* v. *Dayton, etc., R. Co.,* 12 Or. 488 (8 Pac. 544.)

The defendant is not in default, and therefore cannot be ousted by ejectment; and the judgment is reversed.

REVERSED.

Decided August 18, 1908.

## ON PETITION FOR REHEARING.

[96 Pac. 1065.]

MR. JUSTICE EAKIN delivered the opinion of the court.

By this motion the defendant questions the applicability of the authorities relied upon in the opinion, and, therefore, the correctness of the decision. All these authorities recognize the law as quoted in the opinion from *Prutsman* v. *Baker*, 30 Wis. 644 (11 Am. Rep. 592), and many of them state it at length; and, although none of them involves the identical question here considered, each involves the principle of law and differentiates the case under consideration. They all agree that the fiction by which the title relates back from the first delivery of the deed to the depositary applies only in cases of necessity to avoid an injury to the operation of the deed from events happening after the first delivery; and the only instances mentioned are such as a grantor, being a *femme sole,* who afterwards marries, or, whether a *femme sole* or not, dies, or is otherwise rendered incapable of executing the deed at the date of the second delivery. This distinction is made plain in the authorities cited, and also in 16 Cyc. 588. But there can be no pretense here of a necessity that the deed should take effect by relation after the first delivery. Defendant's rights cannot be prejudiced thereby, as is clearly shown in the opinion. On the contrary, to give it that effect, an injury would result to the creditor.

By the motion, stress is laid upon the fact that the purchase money is to be paid to Hughes, and not to defendant; but Hughes has no interest. He is the agent of Dugan, and, so far as this record is concerned, the situation is the same as if the money was to be paid to Dugan. *McDonald* v. *Huff,* 77 Cal. 279 (19 Pac. 499), and *Conneau* v. *Geis,* 73 Cal. 176 (14 Pac. 580: 2 Am. Rep. 785), cited by the motion, were both cases where a second deed was made by the grantor after

the fulfillment of the escrow agreement, and therefore he had no interest, but held the naked title; and they are not in point. *Cannon* v. *Handley*, 72 Cal. 133 (13 Pac. 315), holds that the second grantee takes the legal title, but subject to the equity of the vendee, and supports the opinion. Another case cited in the motion is within the recognized exception, namely, a case of the death of the grantor. In *Nolan* v. *Otney*, 75 Kan. 311 (86 Pac. 690: 9 L. R. A. (N. S.) 317), it is held that the grant is a present grant, but the enjoyment postponed; and none of these cases touch upon the necessity of invoking the fiction of relation back to the first delivery.

The motion is denied.

REVERSED: REHEARING DENIED.

---

Decided August 18, 1908.