**WYLLIE,**
*Appellant,*

*v.*

**VON RUDEN et al,**
*Respondents.*

(32659; CA A32692)

711 P2d 137

William B. Wyllie, Salem, argued the cause and filed the brief *pro se* for appellant.

J. Alfred Joiner, Corvallis, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

BUTTLER, P. J.

### BUTTLER, P. J.

Plaintiff seeks a declaration that his judgment lien against the vendor of real property sold under a land sale contract constituted a lien against the real property in the hands of contract vendees after conveyance of title to them, because they had made payments under the contract after notice of the judgment and before the property was conveyed to them. Defendants counterclaimed, seeking extinguishment of the lien and a declaration that their interest is superior to that of plaintiff. Defendants prevailed on their counterclaim. We affirm.

The real property against which the lien is claimed is located in Polk County and was owned in fee simple by Alfred P. Blair, plaintiff's judgment debtor, and his wife. The Blairs sold the property to the Von Rudens by land sale contract, a memorandum of which was recorded in Polk County in 1977. Subsequently, the Blairs were divorced and the decree provided that the payments due under the contract were to be divided equally between them. Mr. Blair expected to receive approximately $30,000 in proceeds in September, 1983.

The Von Rudens sold their vendees' interest to the Robisons by land sale contract, a memorandum of which was recorded in Polk County in 1981. In May, 1983, plaintiff obtained a judgment against Mr. Blair in Marion County and had the judgment docketed in Polk County on September 2, 1983.

On September 19, Mr. Blair executed a deed of his interest in the property to the Von Rudens; it was placed in escrow with a title company. On September 21, he received approximately $30,000 as his share of the proceeds under the land sale contract. On September 28, plaintiff, in execution of his judgment, garnished the Robisons, whose return on October 3 stated that they owed nothing. On October 11, the escrow agent advised plaintiff that Blair had received his proceeds the preceding month and that it was holding an unrecorded deed from Blair to the Von Rudens. Plaintiff told the title company that he had a lien against the property. On October 14, the deed to the Von Rudens was recorded.

Plaintiff points out correctly that, by virtue of his judgment against Blair, he had a lien on all real property in

which Blair had interest. ORS 18.350.[1] He also points out that, under ORS 18.370,[2] a conveyance of any interest in real property is void as against the lien of a judgment, unless the conveyance is recorded at the time of the docketing of the judgment. Before the enactment in 1975 of ORS 93.645 (Or Laws 1975, ch 270, §§ 1, 2, and 3), the rights of a vendee under a land sale contract were uncertain after a creditor of the vendor had obtained a judgment against the vendor. Because the vendor retained legal title to the property, his interest in the property was subject to a judgment lien and could be sold on execution on the judgment. *May v. Emerson,* 52 Or 262, 96 P 454, 96 P 1065 (1908). In *Heider v. Dietz,* 234 Or 105, 380 P2d 619 (1963), the court suggested that the vendee's knowledge of a judgment against his vendor might affect the identity of the person to whom the vendee should make payment in order to discharge his obligations under the contract.

In enacting Oregon Laws 1975, chapter 270, sections 1, 2 and 3, the legislature intended to relieve vendees from the dilemma posed by the then existing law. *See* Lacy, "Behind and Beyond the 1975 Legislation on Creditors of Vendors," 55 Or L Rev 227, 229-30 (1976); Minutes, Senate Committee on Judiciary, March 3, 1975. Section 2 of the 1975 legislation, codified as ORS 93.645, provides:

"(1) The interest of the purchaser, his heirs and assigns, under a contract for the purchase and sale of realty, if such contract or memorandum thereof has been recorded in deed records, shall have priority over the lien of any subsequent judgment against the seller of the property, his heirs and assigns, and conveyance in fulfillment of said contract shall extinguish the lien of any such judgment.

"(2) Subsection (1) of this section shall not be construed

---

[1] ORS 18.350(1) provides:

"From the time of docketing an original or renewed judgment or the transcript thereof, as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which the defendant may afterwards acquire therein, during the time prescribed in ORS 18.360."

[2] ORS 18.370 provides:

"A conveyance of real property, or any portion thereof, or interest therein, shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof, as the case may be."

to limit the right of a judgment creditor to execute upon a vendor's interest in a land sales contract.

"(3) For the purposes of subsection (1) of this section, 'judgment' includes any lien which by law becomes a lien upon real property in the same manner as a judgment, and includes a judgment or any such lien in favor of the State of Oregon and its agencies."

Plaintiff contends that subsection (1) of that section conflicts with ORS 18.350 and 18.370, because of the last phrase, "conveyance in fulfillment of said contract shall extinguish the lien of any such judgment." Apparently he contends that, until the conveyance, the lien remains viable and that payments by the vendee after a judgment lien is recorded and before a deed is recorded are made at the peril of the vendee.

■ That construction of the statute is not only strained and contrary to the legislative intent, it also ignores subsection (2) of ORS 93.645, which states that subsection (1) shall not be construed to limit the right of a judgment creditor to execute upon a vendor's interest in a land sale contract. In other words, the judgment lien remains viable until it is extinguished by conveyance pursuant to subsection (1), but the vendee has priority over the judgment creditor and may safely make payments to the vendor, unless the judgment creditor has served the vendee with notice of garnishment in execution of the judgment or has caused the vendor's interest *to be sold on execution.*

■ Here, the balance of the purchase price was paid to the vendor after plaintiff's judgment became a lien in Polk County but before plaintiff attempted to levy execution on the judgment. Accordingly, the vendees were entitled to pay the contract balance to the vendor, upon payment of which they were entitled to a deed free of plaintiff's judgment lien. At that point, plaintiff's judgment lien on the vendor's interest in this property was extinguished.

Plaintiff also contends that the memorandum of the contract between the Von Rudens and the Robisons did not meet the requirements of ORS 93.640(1). It did.

Affirmed.