Argued October 11, decided October 24, 1911.

## BAYNE *v.* BROWN.

[118 Pac. 282.]

ABANDONMENT—INTENTION—CONSTRUCTION OF FENCE.

1. That defendant's grantor erected a fence within his own grounds, either by mistake or intentionally, did not constitute an abandonment of the land outside the fence.

ADVERSE POSSESSION—ADVERSE CHARACTER OF HOLDING—NECESSITY.

2. Where defendant's grantor erected a fence within his own ground, plaintiff's grantor could not acquire title to ground owned by defendant's grantor outside the fence, except by adverse occupancy for 10 years. under claim of title.

ADVERSE POSSESSION—POSSESSION BY TENANT.

3. While possession of a tenant may be the possession of the landlord, the tenant without the direction or knowledge or consent of the landlord cannot effect a disseisin in the landlord's favor or originate adverse possession.

ADVERSE POSSESSION—CITY PROPERTY—PROOF.

4. A strong showing is required to establish adverse possession of a portion of a city lot not occupied by buildings, as each owner would be presumed to occupy to the true line.

ADVERSE POSSESSION—TACKING—DISSEISIN.

5. There can be no tacking of occupancy or possession as an element of title by adverse possession until there has been a disseisin and the adverse possession originated under a claim of ownership.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by John Bayne against L. F. Brown to quiet the title to a part of Lot 7, Block 16, of the city of Salem. There was a decree in favor of defendant, and plaintiff appeals.                              AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles L. McNary.*

For respondent there was a brief and an oral argument by *Mr. Grant Corby.*

Opinion by MR. CHIEF JUSTICE EAKIN.

Prior to 1890 Mrs. Strang owned lots 7 and 8, in block 16, and about that time she sold and conveyed to the grantors of defendant lot 7, except a tract off the northeast corner thereof, 76 feet long, east and west, by 24 feet wide, north and south; and about February 11, 1908, she sold and conveyed to plaintiff lot 8, and also said portion of lot 7, 24 feet by 76 feet, described by metes and bounds. About the year 1890 defendant's grantor, John Hughes, erected a fence a little south of the north line of his property. Mrs. Strang has been absent from the State of Oregon continually since this fence was built, and the property has been rented for her by Mrs. Small to various tenants for residence purposes, except the last three years it was owned by her. Mrs. Small says she never knew anything about the fence as long as she was agent for the premises. Some of the tenants considered the fence to be on the line between the property of Mrs. Strang and the defendant, and occupied the lot up to the fence as they desired; one cutting the grass up to the fence, one planting flowers against the fence in places, and one having a chicken yard extending to the fence at the east end of the lot. But it does not appear that Mrs. Strang was ever in possession of the disputed ground or ever claimed to own it or authorized her tenants to do so, and she did not convey or transfer it to plaintiff.

1. The fact that the defendant's grantor erected the fence within his own ground, either by mistake or intentionally, does not constitute an abandonment of the land outside the fence. It was not a line or partition fence.

2. Plaintiff's grantor had no interest therein and could not acquire title to the ground north of the fence, except by adverse occupancy for ten years under a claim of title. It is said in *Talbot* v. *Smith Security Saving & Trust Co.,* 56 Or. 117 (107 Pac. 480) :

"If, by mistake, Watson or Beal built a fence which either supposed to be on the south line of his land, he is not thereby precluded from now claiming land outside of the fence in the absence of adverse occupancy thereof by plaintiff for ten years under a claim of title."

It is the adverse possession under a claim of ownership that establishes the title, and the fence becomes material only when it is an element of the possession. Mrs. Strang made no use of the fence, and her adverse possession must be established independently of it.

3. It is true that the possession of the tenant may be the possession of the landlord, but the tenant cannot, without the direction or even the knowledge or consent of the landlord, effect a disseisin in his favor or originate adverse possession.

4. A strong showing should be required to establish adverse possession of a portion of a city lot not occupied by buildings, as in such cases the boundaries of the lots are seldom conspicuously marked, and lines are not closely drawn until occasion arises to determine them accurately, and, unless mutually agreed upon or possession taken by barriers erected, the owner should be presumed to occupy to the true line.

5. There can be no tacking of occupancy or possession as an element of title by adverse possession until there has been a disseisin and the adverse possession originated under a claim of ownership. In this case there was no

disseisin or adverse occupancy or claim of ownership by Mrs. Strang, nor any transfer of the possession of the property to the plaintiff by her. Therefore plaintiff has no title to the ground other than that described in his deed.

The decree is affirmed.                    AFFIRMED.