Argued June 26, affirmed July 23, decree modified September 17, 1918.

## GREEN *v.* LINNHAVEN ORCHARD CO.

(174 Pac. 620, 621.)

**Vendor and Purchaser—Remedies of Purchaser—Lien for Purchase
Money—Priorities.**

1.   The purchaser's equitable lien against the land for the amount
of the price paid does not attach until the time of payment, and in
an action to determine priorities, the failure of the purchaser to allege
or prove date of payment bars an investigation of his claim of priority.

   [As to lien of vendee, see note in 127 Am. St. Rep. 873.]

From Linn: WILLIAM GALLOWAY, Judge.
   89 Or.—33

Department 2.

This is a suit for the foreclosure of mortgages. The complaint is in the usual form, and recites the execution of the note and mortgage on May 9, 1912, and that the instrument was recorded on the same day.

The defendant, Frank J. Miller, filed an answer and cross-complaint seeking the foreclosure of a second and subsequent mortgage upon a portion of the same real property, which he holds as assignee for value. Thereafter certain other defendants, jointly filed their answer and counterclaim, wherein they allege that prior to the execution of either of the mortgages referred to they had severally entered into written contracts with the defendant, Linnhaven Orchard Company, the mortgagor, for the several tracts of land described in the mortgages, had made some payments thereon, and that thereafter upon discovering that they had been deceived and defrauded by false representations of the Orchard Company, and that this corporation had breached the contracts by its failure to perform a number of the covenants therein, they rescinded their contracts and demanded a return of the payments theretofore made by them upon the purchase price, which demand having been refused, they seek to have a decree impressing liens upon the several tracts for such payments and pray for the foreclosure of such liens.

To this pleading the plaintiff filed a reply denying the priority of such liens to plaintiff's mortgage.

The parties to these various pleadings then entered into a stipulation, of which the essential paragraph reads thus:

"It is further stipulated between said parties that said purchasing defendants admit all the allegations of said further and separate answer and cross-com-

plaint of said Frank J. Miller, and said Frank J. Miller admits all the allegations of said further and separate answer and counterclaim of said purchasing defendants, except neither party admits the question of priorities, it being the intention of the parties to this stipulation to admit all of the facts pleaded in the respective pleadings, of the other party, and not conclusions, and that the intent of this stipulation is to leave for determination by the court, the priorities of the mortgage of said defendant Miller, and the claims of said purchasing defendants, which is hereby submitted upon the pleadings."

The case having been submitted, there was a decree foreclosing the various liens, fixing the priority thereof in the following order: (1) Plaintiff's mortgage; (2) Defendant Miller's mortgage; and (3) the equitable liens of the defendants seeking to recover the sums paid by them under their contracts to purchase the lands. From this decree the last-mentioned defendants appeal.                     AFFIRMED.

For appellant there was a brief over the names of *Mr. John McCourt, Mr. Samuel M. Endicott* and *Mr. Walter C. Winslow,* with an oral argument by *Mr. McCourt.*

For respondent, W. W. Green, there was a brief over the names of *Mr. William A. Williams* and *Mr. Roscoe P. Hurst,* with an oral argument by *Mr. Williams.*

For respondent, Frank J. Miller, there was a brief with oral arguments by *Mr. Gale S. Hill* and *Mr. Willard S. Marks.*

BENSON, J.—1. There is but one vital question submitted for our consideration and that relates to the priority of the several liens. Owing to the stipula-

tion of the parties and the manner in which the case is submitted we must look to the pleadings for the facts. From these we learn that plaintiff's mortgage was executed and recorded on May 9, 1912, and defendant Miller's mortgage was executed on January 20, 1913, and recorded on February 10, 1913. The only information we find in the record as to the dates of appellants' liens is found in a paragraph of their answer reading as follows:

"That thereafter defendant Linnhaven Orchard Company, by means of said false and fraudulent representation set forth and alleged above, sold to defendants mentioned herein, who here relying upon said representations as aforesaid made by the said defendant Linnhaven Orchard Company, did each for himself enter into a contract for the purchase of tracts in the said Linnhaven tracts for the prices herein set forth and upon which each of said defendants respectively has paid the amount herein mentioned, to wit:

| Name. | Date of Contract. | Tract No. | Pur. Price. | Amt. Paid. |
|---|---|---|---|---|
| R. G. Grant | Aug. 24, 1910 | 139 | $3600 | $1800 |
| Charles W. Chech | Aug. 24, 1910 | 136 | $3600 | $1800 |
| H. E. Grant | Aug. 24, 1910 | 138 | $3600 | $1800 |
| A. R. Grant | Aug. 24, 1910 | 137 | $3600 | $1800 |
| G. M. Gault | Jan. 16, 1911 | 135 | $3600 | $1800 |
| H. E. Still | Mar. 8, 1911 | 133 | $3600 | $1800 |
| H. E. Still | Mar. 8, 1911 | 134 | $3600 | $1800 |
| Harold Smith | Feb. 14, 1911 | 132 | $3600 | $1200" |

It will be observed that there is nothing in this paragraph which indicates in the slightest degree, the date of any payment, and the record is also silent as to the terms of the contract upon that subject. Counsel for appellants assume that the lien for the purchase money attaches as of the day when the contract is executed, but they have not furnished any citation of authority in support of this assumption, and we have been unable to find any. It seems to us quite clear,

that in any event the equitable liens of these defendants could not attach until there had been a payment. It is not the execution of the writing, but the payment of the money which gives the vendee the right to a lien for its recovery. In 2 Jones on Liens (3 ed.), Section 1105, the following language is used:

"Money paid by a vendee of land prematurely, or before receiving a conveyance, is a charge upon the estate in the hands of the vendor, or in the hands of his grantee with notice. And so, if a purchaser makes a deposit on account of the purchase money, at the time of executing an agreement of purchase, which is not complete because the vendor is unable to give a good title, the purchaser has a lien upon the land for the money so paid. 'There can be no doubt, I apprehend,' says Lord Cranworth, 'that when a purchaser has paid his purchase money, though he has got no conveyance, the vendor becomes a trustee for him of the legal estate, and he is, in equity, considered as the owner of the estate. When, instead of paying the whole of his purchase money, he pays a part of it, it would seem to follow as a necessary corollary, that, to the extent to which he has paid his purchase money, to that extent the vendor is a trustee for him; in other words, that he acquires a lien, exactly in the same way as if upon the payment of part of the purchase money, the vendor had executed a mortgage to him of the estate to that extent. It seems to me that that is founded upon such solid and substantial justice, that if it is true that there is no decision affirming that principle, I rejoice that now, in your Lordship's House, we are able to lay down a rule that may conclusively guide such questions for the future. I think, however, that there are some authorities which have been pointed out which have established that rule, in principle, if not in terms. But I think it is unimportant to go into that, because it is now established and will from henceforth be established as a very sound principle, founded on solid justice.' "

It follows that since appellants have failed to allege or prove any facts from which we may determine the dates at which their several liens attached, their contention must fail and the decree of the lower court must be affirmed.                                    AFFIRMED.

McBRIDE, C. J., BEAN and JOHNS, JJ., concur.

---

Motion to modify decree allowed September 17, 1918.

ON MOTION TO MODIFY DECREE.

(174 Pac. 621.)

On motion to modify decree dated July 23, 1918. Allowed.

*Mr. John McCourt, Mr. Samuel M. Endicott* and *Mr. Walter C. Winslow,* attorneys for appellants and for the motion.

*Mr. William A. Williams, Mr. Roscoe P. Hurst, Mr. Gale S. Hill* and *Mr. Willard S. Marks, contra.*

BENSON, J.—On July 23, 1918, we handed down a decision in this case affirming the decree of the trial court. The counsel for the defendants who are appellants herein now call our attention to the fact that the decree fails to give them a judgment for the amounts of their several claims, although it assumes the existence of such a judgment, and directs the payment thereof out of the proceeds of the sale of certain property, after the payment of certain prior claims. This omission is clearly an oversight, and appellants' motion to modify the decree by adding thereto a judgment for their several claims is therefore allowed.

AFFIRMED.    MOTION ALLOWED TO MODIFY DECREE.