Argued March 4, affirmed April 27, rehearing denied June 1, 1926.

## CLARA MINER *v.* RUDOLPH ZWEIFEL.

(245 Pac. 729.)

Pleading—Complaint of Assignee of Purchaser in Mutual Contract for Purchase and Sale of Land, in Action Against Purchaser's Grantee for Failure to Pay Purchase Price, Which Failed to Allege Purchaser's Contract to Buy, Held Defective Only and not Wanting in Material Allegation, Where No Demurrer was Filed.

1. Complaint of assignee of purchaser in mutual contract for purchase and sale of land, in action against purchaser's grantee for failure to pay purchase price, which failed to allege purchaser's contract to buy, *held* defective only, and not wanting in material allegation, where no demurrer was filed and amended answer alleged that contract was mutual.

Vendor and Purchaser—Where Purchaser of Land Transferred Part of It by Deed to Defendant, Who Agreed to Pay Purchase Price, Assignee of Purchaser's Remaining Interest and of His Contract With Grantee Could Maintain Action for Damages Against Grantee for Failure to Pay Purchase Price.

2.  Where purchaser of land transferred part of it by deed to defendant, who agreed to pay purchase price, assignee of purchaser's remaining interest and of his contract with grantee could maintain action for damages against grantee for failure to pay purchase price, since mutual contract for purchase and sale of real property and interests of parties thereunder are assignable.

Vendor and Purchaser.

3.  One who has agreed to buy land and made payment to owner, who has agreed to sell, can deal with it as his own, subject to vendor's rights.

Judgment—Matter Involved in Action for Damages for Failure to Pay Purchase Price, Brought by Assignee of Purchaser's Remaining Interest in Land Against Grantee Who Received Part of Land, Agreeing to Pay Purchase Price, Held not Adjudicated in Divorce Suit Between Purchaser and Assignee, to Which Grantee was Party.

4.  Matter involved in action for damages for failure to pay purchase price, brought by assignee of purchaser's remaining interest in land against grantee who received part of land agreeing to pay purchase price, *held* not adjudicated in divorce suit between purchaser and assignee, to which grantee was party to protect assignee's property rights; purchaser having assigned entire tract to grantee before trial.

Judgment—Matter Involved in Action for Damages for Failure to Pay Purchase Price, Brought by Assignee of Purchaser's Remaining Interest in Land Against Grantee Who Received Part of Land Agreeing to Pay Purchase Price, Held not Adjudicated in Vendor's Foreclosure Suit.

5.  Matter involved in action for damages for failure to pay purchase price, brought by assignee of purchaser's remaining interest in land against grantee who received part of land agreeing to pay purchase price, *held* not adjudicated in vendor's foreclosure suit.

---

Assignments, 5 C. J., p. 850, n. 26, p. 851, n. 27, 28, 29, p. 852, n. 35, 36, 37, p. 874, n. 94, p. 885, n. 56.

Judgments, 34 C. J., p. 932, n. 29, p. 935, n. 33, p. 1041, n. 79, 80. Pleading, 31 Cyc., p. 715, n. 56.

Vendor and Purchaser, 39 Cyc., p. 1646, n. 85, p. 1665, n. 33, p. 1667, n. 35, 36, p. 1672, n. 91.

From Tillamook GEORGE R. BAGLEY, Judge.

---

2. See 27 R. C. L. 563.

Department 1.

This is an appeal from the judgment rendered in favor of the plaintiff against the defendant for the sum of $3,500. On the sixteenth day of November, 1918, Mary J. Cone and her husband entered into a contract with Berry Miner, then husband of the plaintiff, for the sale of 120 acres of land in Tillamook County. Thereafter the said Berry Miner entered into a contract with the defendant for the sale of 80 acres of said 120-acre tract, together with some personal property, for which defendant agreed to pay the entire purchase price, then unpaid, for the 120-acre tract according to the terms of the contract between the said Cone and Berry Miner. Thereafter marital troubles arose between the plaintiff and her husband, the said Berry Miner, culminating in a suit for divorce against said Berry Miner. After the suit for divorce was instituted, the said Berry Miner transferred his interest in the remaining 40 acres of the 120-acre tract to the defendant. A supplemental complaint was filed in the divorce case making the defendant herein a party to that suit for the purpose of protecting the plaintiff in that suit and herein in her claim to an interest in the 120-acre tract and in any judgment for alimony she might recover. The divorce complaint described the 120 acres and prayed for a judgment against the defendant Berry Miner for alimony in the sum of $3,000 and costs and disbursements. The plaintiff also prayed for a decree against the defendant Zweifel requiring him to transfer to plaintiff his interest in the 40-acre tract. The defendant failed to pay the installments, the interest and taxes on the

120-acre tract as he agreed to do in the contract with the said Berry Miner, and the said Cone began a suit to foreclose the interest of the plaintiff and defendant in the 120-acre tract. The divorce suit resulted in a decree in favor of the plaintiff and she was awarded alimony in a lump sum of $3,000 against Berry Miner, defendant in said divorce suit. The decree further required the defendant Zweifel to convey and assign all the right, title and interest which he received in the real property by virtue of the assignment from said Berry Miner to the defendant Zweifel, reserving a lien on said real property for the sum of $506, the court having found that the transfer of the 40-acre tract by said Berry Miner to defendant was for security only. The plaintiff herein set up as an affirmative answer, in said foreclosure suit, substantially the same matters set out in her complaint in the instant case. The decree in the foreclosure suit required the defendant Zweifel to pay to the plaintiff in said foreclosure suit two-thirds of the amount found due to the said plaintiff Cone and required the plaintiff, Clara Miner, to pay one-third thereof within a definite time, and upon their failure to pay said sums respectively within said time, they both were barred and foreclosed of all interest in said real property. This action was instituted to recover from the defendant, Zweifel, the damages the plaintiff, Clara Miner, claims to have sustained by reason of the failure of said Zweifel to pay to said Cone the amount owing to her on the contract to purchase the 120-acre tract. Berry Miner had assigned and transferred his interest in the 40-acre tract and his contract with defendant herein to the plaintiff herein after the decree of divorce was

rendered. The defense is a plea of *res adjudicata.* At the close of taking the testimony, the defendant moved for a judgment on the pleadings, and this motion being denied, the cause was submitted to the jury resulting in a verdict for the plaintiff in the sum of $3,500. From this judgment the defendant appeals. No bill of exceptions is brought to this court. The sole question to be determined is the correctness of the court's ruling on the motion for judgment on the pleadings interposed by defendant.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Johnson & Handley.*

For respondent there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

COSHOW, J.—The defendant submits two reasons why the court erred in denying his motion for judgment for defendant on the pleadings. First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the pleadings taken together disclose on their face that the matter submitted to the court by the plaintiff had already been adjudicated adversely to her.

1. Defendant contends that the complaint states insufficient facts because it alleges an option merely on the part of Cone to sell to Berry Miner the tract of land; that it was optional with Berry Miner whether or not to complete the purchase, and for that reason the obligation of the defendant to Berry Miner for the purchase of land for payment to Cone of the purchase price was not assignable, and the

plaintiff could not, therefore, maintain an action as the assignee of her husband Berry Miner. The complaint alleges as follows:

"That on or about said date, said Mary J. Cone and W. S. Cone, wife and husband, entered into a contract with one Berry Miner, wherein and whereby the said Mary J. Cone and W. S. Cone agreed to sell the above described real property for the sum of $6,000, of which $100 was paid in cash and the balance of said consideration was to be paid in yearly installments."

No motion or demurrer was filed to the complaint. The complaint does not allege that Berry Miner agreed to purchase said premises and pay the purchase price. The complaint is defective only and not entirely wanting in a material allegation. The defendant by his amended answer set out in full the contract between Berry Miner and Cone, from which we take this excerpt:

"That the parties of the first part agree to sell and convey to second party and second party agrees to purchase from first parties, the following described real property, * * ." *Siverson* v. *Clanton*, 88 Or. 261 (170 Pac. 933, 171 Pac. 1051).

2. It thus appears on the face of the pleadings that the agreement between the said Berry Miner and Cones was mutual for the purchase and sale of the property involved. Such a contract and the interest of the parties thereunder are assignable: 5 C. J. 850, 874, 885; *Rorvik* v. *North Pac. Lumber Co.*, 99 Or. 91 (190 Pac. 331, 195 Pac. 163); *Sperry* v. *Stennick*, 64 Or. 96, 101 (129 Pac. 130); *Mitchell* v. *Taylor*, 27 Or. 377, 384 (41 Pac. 119); *House* v. *Jackson*, 24 Or. 89, 99 (32 Pac. 1027); *Wilcox* v. *Campbell*,

106 N. Y. 325 (12 N. E. 823). The complaint states
a cause of action: *The Home* v. *Selling*, 91 Or. 428,
432, 433 (179 Pac. 261, 21 A. L. R. 403); *Hass* v.
*Dudley,* 30 Or. 355 (48 Pac. 168); *Wilcox* v. *Campbell,*
106 N. Y. 325 (12 N. E. 823).

In addition to the facts stated above, the record
discloses that after the divorce decree was entered
said Berry Miner transferred his interest in the 40-
acre tract to plaintiff herein, and also assigned his
interest in his contract with defendant Zweifel to
plaintiff. The Circuit Court found as a fact in the
foreclosure suit of Cone against Zweifel, Miner and
another that "this defendant Clara Miner (plaintiff
here) acquired all of the right, title and interest
of the said Berry Miner in and to" the 40-acre tract.
Defendant in his brief states:

"Thereafter Berry Miner deeded his interest in
said 40 acres to plaintiff, and assigned all his rights
under his contract with defendant Zweifel to the
plaintiff in the action at bar."

The general rule governing assignability of a con-
tract of the nature here involved is thus stated in
5 C. J. 851, Section 11:

"The general rule is that any estate or interest in
lands and tenements may be assigned, and this is
so whether the estate is legal or equitable, vested or
contingent."

Mr. Justice Harris stated the rule thus in *Rorvik* v.
*North Pac. Lumber Co.,* above, in page 91 of the
official report:

"Survivorship is the test of assignability. * *
An assignment of a mere litigious right is invalid;
but an assignment of property is valid, although that
property may be incapable of being recovered with-
out litigation."

"The option having been given to Haley, could he transfer his right so that his assignee could enforce the same? The ground upon which a court enforces an executory contract for the sale of lands is that equity considers things agreed to be done as actually performed; and when an agreement has been made for the sale of lands, the vendor is deemed the trustee of the purchaser of the estate sold, and the purchaser as trustee of the purchase money for the vendor. The vendee, in equity, is actually seized of the estate, and, as a consequence, may sell the same before a conveyance has been executed, notwithstanding an election to complete the purchase rests entirely with the purchaser: *Kerr* v. *Day,* 14 Pa. St. 112 (53 Am. Dec. 526). Haley had an estate in the premises, and was equitably the owner thereof, and could transfer this right, and his assignee can enforce the option to the same extent as his assignor." *House* v. *Jackson,* 24 Or., above, in page 99 of official report.

In the contract involved, Berry Miner was the equitable owner of the 40-acre tract which he conveyed to plaintiff. He had paid for that 40-acre tract by his assignment and transfer of the 80-acre tract to defendant. When defendant breached his contract to pay the purchase price to the vendor Cone, plaintiff lost the 40-acre tract. Her loss was the direct result of defendant's refusal to perform his contract made with Berry Miner, and duly assigned to plaintiff.

A very similar case to the one at bar is *Wilcox* v. *Campbell,* 106 N. Y. 325 (12 N. E. 823). It was there decided as stated in the first syllabus taken from 12 N. E. 823:

"Where A., who is the owner of a tract of land which is subject to a mortgage, sells a part to B., who assumes and agrees to pay as part of the purchase price the amount of the mortgage, and there-

after A. sells the remainder of the tract to C., C., or his assignee, may on the foreclosure of the mortgage, through the failure of B. to pay the same, and the sale of his lands therefor, maintain an action against B. to recover damages.''

To the same effect in *Haas* **v.** *Dudley,* 30 Or. 355 (48 Pac. 168), cited with approval in *The Home* v. *Selling,* 91 Or. 428 (179 Pac. 261, 21 A. L. R. 403).

3. Nothing that either Berry Miner, vendee, or his assignors did could alter the interest or rights of the vendor, Cone, in the lands: *Ward* v. *James,* 84 Or. 375 (164 Pac. 370). Cone's rights are not involved in any degree in this litigation. Subject to the vendor's rights, Berry Miner could deal with the lands as his own: 5 C. J. 852, § 13; 39 Cyc. 1645, 1646, 1665–1667, 1672–1674, and other authorities cited above.

The measure of damages is not involved in this appeal.

4, 5. The matter involved in the instant case was not adjudicated in either the suit for divorce or the suit to foreclose the interest of the parties in the contract between the said Cone and Berry Miner. In the divorce case the defendant was made a party for the sole purpose of protecting the interest of the plaintiff in that case, as well as in this, in her property rights. After the divorce suit was instituted, the defendant therein, the said Berry Miner, attempted to assign his interest in the 40-acre tract to the defendant herein. Thereafter the plaintiff filed her supplemental complaint and by order of the court the defendant here was made a party defendant in the divorce suit. The matter litigated in the instant action was not considered or determined in the divorce suit. The decree in the divorce suit

determined that the assignment and transfer of the 40-acre tract from the said Berry Miner to the defendant here was made for the purpose of securing to the defendant the payment of a certain debt owing to him by the said Berry Miner. That decree also required the defendant to assign and transfer his interest in the 40-acre tract to the plaintiff subject to a lien for the amount of said indebtedness. The foreclosure suit did not attempt to determine the rights between the plaintiff and the defendant in the instant case. The plaintiff, as a defendant in the foreclosure suit, sought to require Cone to resort to the 80-acre tract transferred to the defendant by the said Berry Miner and to the defendant personally in order to satisfy the amount owing to the said Cone for the sale of said land. In this plaintiff was not successful. No issue was joined between her as defendant in the foreclosure suit and her codefendant therein, the defendant here. The plaintiff Cone in the foreclosure suit was not concerned about the controversy between the parties to this suit. The foreclosure complaint was not broad enough to admit of an adjudication of the controversy between the parties to the instant action. Therefore no adjudication was had in the foreclosure suit of the matters involved of the present litigation: *Templeton* v. *Cook,* 69 Or. 313, 316, 317 (138 Pac. 230); *Caviness* v. *La Grande Irr. Co.,* 60 Or. 410, 429 (119 Pac. 731); *Howe* v. *Kern,* 63 Or. 487, 494 (125 Pac. 834, 128 Pac. 818); *Hough* v. *Porter,* 51 Or. 318, 375–377 (95 Pac. 732, 98 Pac. 1083); *Hanna* v. *Hope,* 86 Or. 303, 309, 310 (168 Pac. 618); *Houston* v. *Zahm,* 44 Or. 616, 623, 624 (76 Pac. 641, 65 L. R. A. 799).

It follows for these reasons that the judgment must be and is affirmed.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and RAND J., concur.

BURNETT, J., dissents.