Argued March 23; reversed April 12; rehearing denied
May 17, 1932.

## PEDERSEN ET AL *v.* BARKHURST ET AL.

(10 P. (2d) 347)

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellants.

*Henry Bauer,* of Portland (Thaddeus W. Veness, of Portland, on the brief), for respondents.

KELLY, J. On September 26, 1918, the Metropolitan Investment and Improvement Company, a corporation, then being the owner of lots 30 and 31 in block 15, Errol Heights, Multnomah county, Oregon, entered into a contract with C. W. and Lulu Fitzgerald wherein said corporation agreed to sell and the Fitzgeralds agreed to buy said real property at the price of $1,900, the sum of $190 thereof to be paid at the rate of $25 per month, and the remaining $1,710 to be paid at the rate of $15 per month with interest at 7 per cent, right of possession being given to said Fitzgeralds.

Said contract was not acknowledged by the parties thereto, but was recorded on January 19, 1921, on page 264, of book 51 of the Miscellaneous Records of Multnomah county, Oregon.

Thereafter, the vendor in said contract assigned the same to H. E. Witham Company, a corporation, which assignment was duly acknowledged, and on January 19, 1921, was recorded on page 157 of book 836 of the Records of Deeds of Multnomah county, Oregon.

On June 16, 1922, the vendees in said contract assigned the same to R. W. Tolles and G. C. Tolles.

Thereafter, the vendor in said contract sold said property to said H. E. Witham Company and conveyed the title thereto by deed, which deed was duly executed and recorded on June 22, 1922, at page 459 of book 887 of the Records of Deeds, for Multnomah county, Oregon; and recited, among other things, that said con-

veyance was subject to the contract of sale to C. W. Fitzgerald and Lulu Fitzgerald, recorded in Miscellaneous Records on page 264 of book 51.

On December 18, 1923, H. E. Witham Company made, executed and delivered the mortgage in suit upon the said real property to secure the payment of a promissory note due three years after date with interest at 7 per cent per annum, which mortgage was recorded on December 27, 1923, on page 360 of book 937 of the Records of Mortgages for Multnomah county, Oregon.

On October 11, 1924, R. E. Tolles and G. C. Tolles assigned said contract to S. W. Tooley.

On December 18, 1926, the mortgage in suit matured; and, not being paid, same was renewed. The renewal of the mortgage was not recorded.

On December 23, 1928, S. W. Tooley and Dora Tooley assigned a one-half interest in and to said contract and the land covered thereby to B. I. Barkhurst, which said contract and its assignments were acknowledged and recorded on April 9, 1929, on page 360, of book 1173, of the Record of Deeds for Multnomah county, Oregon.

On March 15, 1929, S. W. Tooley and B. I. Barkhurst paid the full balance of said contract price and obtained a deed for the land covered thereby from H. E. Witham Company, which deed was duly executed and on April 9, 1929, was recorded on page 1, of book 1175 of said Record of Deeds for Multnomah county, Oregon.

Said mortgage was not paid after renewal, and on April 17, 1930, this suit was instituted to foreclose it.

██ Plaintiffs claim that the extent of appealing defendants' interest in the property in suit depends upon the amount paid on said contract. Plaintiffs also

claim, as to the interest represented by payments made after the mortgage in suit was recorded, that said mortgage is a prior lien upon the premises involved. The record is silent as to what payments were made before the mortgage was recorded, and for that reason plaintiffs also claim that there is no basis upon which to support a finding to the effect that any definite part of appealing defendants' interest is prior to the lien of the mortgage in suit.

In support of this argument, plaintiffs cite the following cases: *Green v. Linnhaven Orchard Co.,* 89 Or. 513 (174 P. 620, 621); *First Savings Bank v. Linnhaven Orchard Co.,* 89 Or. 354 (174 P. 614); *May v. Emerson,* 52 Or. 262 (96 P. 454, 96 P. 1065, 16 Ann. Cas. 1129).

The first two of these cases announce the rule that where a vendee has rescinded a contract of purchase, because of the vendor's default, and seeks to assert a vendee's lien, it is incumbent upon the vendee to prove what amount of money was paid upon the contract, and, in order to give said vendee's lien priority over other liens, he must prove that such payments were made prior to the time when such other liens accrued.

The case at bar is one wherein the contract of purchase has been performed. Appealing defendants are not asserting a vendee's lien. They claim that they are the owners of the legal title by virtue of the contract of purchase and compliance with the terms thereof by the assignees of both parties to said contract.

The doctrine of the case of *May v. Emerson,* supra, is that a purchaser of real property at a sale, on execution issued upon a judgment rendered against a vendor, after such vendor has executed a contract of

sale of such real property to a third person, has the effect of transferring to the purchaser the right to the unpaid purchase money maturing upon said contract after actual notice to said third person of the rendition and docketing of said judgment.

In the case at bar, plaintiffs did not reduce their chose in action to judgment, but waited until appealing defendants had fully complied with their part of the contract of sale and in pursuance thereof had received a deed of conveyance before seeking to foreclose their mortgage.

The rule is thus stated in *May v. Emerson,* supra:

"Defendant was not required to make the payments to plaintiff as they matured, until plaintiff acquired the vendor's rights. The vendee cannot assume to determine for himself, and at his own risk, the controversy between plaintiff and his debtor; and defendant need not go into equity to settle their differences. He may stand upon his contract, and when plaintiff has acquired the vendor's right to the money by perfecting title in himself the defendant will be justified in making payment to him."

In the case at bar, before any attempt by judicial proceedings was made in behalf of plaintiffs to acquire the vendors' rights under the contract in suit, all of the payments thereunder had been made and a deed had been executed transferring the property to the appealing defendants.

The mortgagees herein had notice of the contract of purchase by reason of the recital concerning said contract, which, as above stated, is set forth in the deed from the Metropolitan Investment and Improvement Company to H. E. Witham Company: 39 Cyc. 1815, and authorities cited in notes 91 and 92. Tiffany Real Property (2d Ed.) 2240, § 572.

Appealing defendants, as assignees of the original vendees in the contract of purchase, acquired the rights of said original vendees: *Miner v. Zweifel,* 118 Or. 182 (245 P. 729); *Smith v. Martin,* 94 Or. 132, 146 (185 P. 236, 241); *House v. Jackson,* 24 Or. 89 (32 P. 1027). Those rights were superior to the equity conveyed by the mortgage in suit. The circuit court should have so decreed. As to the appealing defendants, the decree of the circuit court is reversed, said mortgage is decreed to be a cloud upon the title of said defendants to the real property hereinabove described, and for that reason said mortgage is hereby cancelled.

BELT, RÓSSMAN and RAND, JJ., concur.

BEAN, C. J., did not participate in this decision.