THOMAS DEREGIBUS *v.* SILBERMAN FURNITURE COMPANY, INC.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued January 7th—decided February 1st, 1938

*Frank Rich,* with whom was *Nathan B. Silberman,* for the appellant (defendant).

*Maurice J. Buckley,* for the appellee (plaintiff).

HINMAN, J. The judgment appealed from was rendered upon the retrial ordered in the appeal from the judgment on the first trial of the same case. 121 Conn. 633, 186 Atl. 554, 105 A. L. R. 1183. The material facts recited in that opinion as having been found on the former trial, again contained in the finding on the present appeal, need not be repeated here. Additional facts are now found, however, lack of which was held to vitiate the former judgment. These include that the easement in dispute is the only means of ingress and egress by vehicles between the street and the plaintiff's garage in the rear of his premises; that when Shannon, who is still living and testified on the trial, with McNally, now deceased, bought the premises now owned by the plaintiff, and who were the lessors and later the grantors of the plaintiff as detailed in the former opinion, he understood and has always understood and believed that he had a right of way over the adjoining property now of the defendant, for the purpose of driving into the rear of the property, and that he would not have bought the

property if he did not have such a right of way; that during the period that he was owner no one ever complained or objected to him because of the use made of the passageway by his tenants; that he visited the premises frequently and both he and McNally knew that their tenants, and others occupying the premises as subtenants, were making use of this way, neither of them objected to such use, and they knew that it was necessary in order to get to the rear of the premises.

The trial court concluded that these facts caused the user of the tenants to enure to the benefit of the landlords (Shannon and McNally) for prescriptive purposes so that the period of such user may be tacked to that of the plaintiff as subsequent owner to make up the prescriptive period. The validity of this conclusion is decisive of the assignments of error.

The finding, now as before, states that none of the deeds or leases therein referred to "contained any specific reference to a right of way" and the defendant's contention is that, therefore, the user by the plaintiff and other tenants was not made "under and by virtue of any lease" and so may not be regarded as user by the landlord which is available for prescriptive purposes as originating and continuing adverse possession.

While a tenant cannot effect a disseisin in his landlord's favor or originate adverse possession or user unless the lease includes the land or easement, the inclusion need not necessarily be expressed; it suffices if it is impliedly included. *Deregibus* v. *Silberman Furniture Co.*, supra, 639. Whether or not the easement here in question was within the leases was a question of fact, to be determined in the light of the circumstances, including the use made of it. *Vinci* v. *O'Neill*, 103 Conn. 647, 651, 131 Atl. 408. The facts now found as to such circumstances and use are suffi-

cient to establish that the right of way was considered by both parties to the leases to be included in them. Not only is it found that the plaintiff's predecessors in title and landlords would not have bought the property without the way as a necessary appurtenant easement and knew and assented to the use of it by the plaintiff and other tenants, but it is also an inescapable inference from the facts found as to the purposes and manner of use of the premises by the tenants that they would not have rented and occupied them had they not understood that this way, essential to those purposes and user, was included and within the implied terms of the leases. Also, an understanding and belief, by both landlord and tenants, in the existence of the right of way could not have been other than fostered and confirmed by the acquiescence, without objection or complaint, by the defendant and its predecessors in title, in the uses made of the now disputed way.

The admission of evidence of the plaintiff as to his use of the way from 1913 to 1916, over objection on the ground that the lease during that period was in the name of the plaintiff's father-in-law, although the plaintiff was in actual occupancy and use of the premises, even were it erroneous could not have harmed the defendant as much more than the prescriptive period elapsed thereafter before the first interruption in 1934.

There is no error.

In this opinion the other judges concurred.