Rocco Toto and Vera Toto, his wife,
Plaintiffs,

*vs.*

Gaetano Gravino and Maria Gravino, his wife,
Defendants.

*New Castle—August 1, 1958.*

*Joseph A. L. Errigo* and *Frederick Knecht, Jr.,* Wilmington, for plaintiffs.

*C. W. Berl, Jr.* of Berl, Potter & Anderson and *Bruce M. Stargatt,* Wilmington, for defendants.

SEITZ, Chancellor: Plaintiffs seek a mandatory injunction directing the defendants to remove certain obstructions in an alley running between the plaintiffs' home at 920 and defendants' home at 918 North Dupont Street. Plaintiffs claim that they have an easement by prescription in the alley. Defendants challenge plaintiffs' claim and this is the decision after final hearing.

Over the years the alleys of this county have been a fertile source of litigation in this court. The intensity of the feeling in such cases is generally in inverse proportion to the amount of land involved. The present case is no exception.

Plaintiffs proved to my satisfaction that for many more than twenty years prior to the time the defendants erected the obstruction now in question, the occupants of the property now owned by plaintiffs used the alley adversely. By "adversely", I mean that they used the alley over defendants' active objection for the most part and, in my view, under a claim of right. I specifically find that the use by the Cocciolones (a tenant) was not by virtue of any permission granted by defendants. I emphasize here that defendants themselves do not own the fee to the bed of the alley but only have a non-exclusive grant of user by deed.

Actually the one serious issue in the case arises out of the facts which I shall now narrate. A Mr. and Mrs. Cambi purchased what is now plaintiffs' property in 1931 and resided therein until 1934. From 1934 to 1936, they leased the property to Mr. and Mrs. Daniello. From 1936 to 1939 they leased it to Mr. Cocciolone. From 1939 to 1943 they leased it to the plaintiffs who purchased it in 1943. Plaintiffs have occupied it as owners since 1943.

■ From the foregoing facts it can be seen that in order for plaintiffs to show adverse use for the required twenty years they must "tack" the time the premises and alley were used by tenants to the time they have "occupied" them as owner. In order to establish a prescriptive use the tacking of periods of successive owners is permitted in Delaware. See *Marta v. Trincia*, 26 *Del.Ch.* 94, 99, 22 *A.2d* 519. However, the problem of tacking the terms of tenants for this purpose appears to be a novel one in Delaware.

■ There are numerous cases in other jurisdictions touching on the circumstances under which a tenant's use may be relied upon by an owner to show prescriptive use. While there are variations in the statements of principle in the numerous cases cited, I think it is fair to say that basically they hold that the use by a tenant can be employed in finding the requisite prescriptive period only when such use can be said to have been expressly or impliedly (from the circumstances) embraced within the terms of the tenancy itself. Otherwise, it would merely be a continuing trespass by the tenant, the benefit of which the landlord could not claim. See, for example, *Feldman v. Knapp*, 196 *Or.* 453, 250 *P.2d* 92; *Deregibus v. Silberman Furniture Co.*, 121 *Conn.* 633, 186 *A.* 553, 105 *A.L.R.* 1183, and see the same case at 124 *Conn.* 39, 197 *A.* 760; *Capps v. Merrifield*, 227 *Mich.* 194, 198 *N.W.* 918; *Umhau v. Bazzuro*, 76 *U.S.App.D.C.* 394, 133 *F.2d* 356. It may be that a stronger showing may be required if the prescriptive claim is to a fee simple title to land rather than, as here, to a mere non-exclusive right of user.

Since the right to use the alley was not shown to have been expressly given in any pertinent lease, the issue here is whether the right to use the alley was impliedly embraced within the terms of the various leases by virtue of the circumstances under which they were given. While there was no evidence as to the types or terms of leases involved, it was established that the premises were leased.

I make the following findings: When Mr. and Mrs. Cambi occupied the premises from 1931 to 1934, they believed they had the right to use the alley; under the evidence they used the alley adversely; in

leasing the property from 1934 to 1939, the reasonable inference is that the Cambis believed that the various leases covered the right of such tenants to use the alley; the tenants also so believed and acted upon that belief; when the plaintiffs purchased the propery in 1943, they believed they had the right to use the alley, a belief which they entertained during the period from 1939 to 1943 when they were only tenants.

It must be stressed that we are dealing with a small alley between two houses along a city block and that, except by going through the house itself, the alley is the only means to obtain access from the front of the property to the alley side and the rear of plaintiffs' premises. The evidence established that for more than twenty years the alley has been used by plaintiffs and their predecessors in title and the tenants, as well as by persons servicing the property. Thus, the alley has been used, although not exclusively, for the delivery of coal and oil and picking up trash for many years. Indeed, the window facing on the alley was used to put the coal in the cellar.

Under the foregoing facts, it is difficult to imagine a tenant leasing a property without fairly concluding that the use of the alley was intended to be covered by the lease. I re-emphasize that the physical appearance of the particular alley in relation to plaintiffs' property and the long established "use" pattern were of additional compulsive importance in the court's determination that the use of the alley was an implied term of the various pertinent leases.

I concluded that plaintiffs may "tack" to their own period of ownership occupancy, the period of occupancy of the various tenants mentioned. When this is done, it appears that plaintiffs have proved descriptive use of the alley for more than the required twenty years. It follows that the defendants may not erect obstructions which interfere with plaintiffs' reasonable use of the alley.

Some question exists as to the depth of the alley. I conclude that it extends to the alley at the rear of the properties and connects therewith.

A permanent injunction will issue requiring defendants to remove existing obstructions and prohibiting them from erecting further obstructions which will interfere with plaintiffs' reasonable use of the alley.

Present order on notice.