Argued and submitted February 6, affirmed June 14, reconsideration denied August 25, petition for review allowed November 14, 1989 (308 Or 500)

BEDORTHA et al,
*Respondents,*

*v.*

SUNRIDGE LAND CO., INC., et al,
*Defendants,*

*and*

KITCHELL et al,
*Appellants.*

(86-CV-0377-WE; CA A49339)

775 P2d 872

Stanley E. Clark, Redmond, argued the cause and filed the briefs for appellants.

Steven L. Philpott, Eugene, argued the cause for

respondents. With him on the brief was Armstrong, McCullen & Philpott, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This action was originated by plaintiffs against defendant Sunridge Land Co. (Sunridge) for the specific performance of a land sale contract in which Sunridge was the vendee. On January 21, 1987, plaintiffs obtained a judgment against Sunridge for $93,591.96, plus interest, costs and attorney fees. There was no appeal from that judgment. At the time when the judgment was docketed, Sunridge held record legal title to seven parcels of land that it had sold previously under land sale contracts, although on December 17, 1986, it had assigned its vendor's interest in each of those contracts to defendants Kitchell and Heintz. However, the assignments were not recorded until February 27, 1987, after the judgment was docketed. On April 2, 1987, deeds from Sunridge to the assignees of the contracts for the seven parcels were recorded.

On June 18, 1987, the properties described in plaintiffs' judgment (not the seven parcels) were sold at a sheriff's sale for $47,000, leaving a deficiency on that judgment of $53,498.04. To collect the deficiency, plaintiffs levied execution on Sunridge's interest in the seven parcels that were subject to the executory contracts of sale. Plaintiffs purchased Sunridge's interest in those parcels at the sheriff's sale and then claimed the contract payments owing by the vendees. Because Sunridge's assignees also claimed the right to those payments, defendant Kenco Data Services, Inc. (Kenco), the escrow agent under each of the contracts, refused to disburse the payments without a court order. Plaintiffs and Heintz, Kitchell and Kenco stipulated to an order to show cause joining those defendants as parties and submitted the issue on stipulated facts. The trial court entered a final order[1] determining that plaintiffs are entitled to receive all payments and proceeds paid on the seven contracts on and after January 21, 1987, the date of the judgment. Heintz and Kitchell appeal.

1.      The parties agree that plaintiffs' judgment became a

---

[1] ORS 19.010(2)(c) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

lien before Sunridge's conveyance to defendants was recorded, giving plaintiffs priority over defendants to the extent of their lien on Sunridge's interest in the seven parcels subject to the land sale contracts. Plaintiffs' judgment lien is governed by *former* ORS 18.350(1):

> "From the time of docketing an original or renewed judgment, as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the judgment debtor within the county where the same is docketed, or which the judgment debtor may afterwards acquire therein, during the time prescribed in ORS 18.360."

In *May v. Emerson,* 52 Or 262, 96 P 454, 96 P 1065 (1908), the court held that a vendor under a land sale contract not only has legal title, but also has an interest in the property as security for the payment of the purchase price, and that that interest is available to a creditor through the lien of his judgment. In *Heider v. Dietz,* 234 Or 105, 380 P2d 619 (1963), the court reaffirmed its holding in *May,* explaining that a judgment creditor who acquired the debtor-vendor's interest in lands sold under contract "acquired whatever interest the debtor-vendor had, subject to the equities of the purchaser * * *." 234 Or at 111; *see also Pedersen v. Barkhurst,* 139 Or 483, 10 P2d 347 (1932).

**2.**     Unless the law applied in those cases has been overruled impliedly by *Security Bank v. Chiapuzio,* 304 Or 438, 747 P2d 335 (1987), plaintiffs, as purchasers at the sheriff's sale, acquired all of Sunridge's interest in the land, including the rights under the contracts, and are entitled to the contract payments. *Chiapuzio* involved the question whether an assignment of the vendor's interest as security was subject to the filing requirement of UCC, Article 9. The court pointed out that a vendor's interest in the land may be severed from his right to receive payments due under the land sale contract and that, if that occurs, the right to receive payments is an interest in personal property. The court held that, when the bank took the assignment of the vendor's interest as security for a loan, "the function of the transaction change[d], so that the secured party [took] as collateral a claim to a secured obligation," 304 Or at 448, bringing the transaction within the express language of ORS 79.1020(3). Thus, to protect its security interest in the contract, as opposed to the land, the secured party was required to comply with the filing requirements of Article 9.

We do not believe that *Chiapuzio* overrules or supercedes the law as stated in *May v. Emerson, supra, Heider v. Dietz, supra,* or *Pedersen v. Barkhurst, supra.* The court cited and briefly discussed each of those cases, although not in this context. 304 Or 441 n 1.

Defendants appear to contend that the interests were severed when Sunridge assigned its interest in the seven contracts to them before plaintiffs' judgment was docketed. It is clear, however, that, by those assignments, Sunridge intended to transfer all of its interests under the contracts, including its interests in the land. It sent a copy of each assignment to Kenco, the escrow agent, together with a "fulfillment deed" executed by the assignee to the vendee, with instructions to exchange that deed for the "fulfillment deed" from Sunridge to the vendee that Sunridge had deposited with Kenco earlier.[2] *Former* ORS 18.370 provides:

> "A conveyance of real property or any portion thereof, *or interest therein* shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof as the case may be." (Emphasis supplied.)

The assignments were not recorded at the time of the docketing of plaintiffs' judgment; therefore, plaintiffs' judgment lien retains its priority.

Affirmed.

---

[2] The fact that Sunridge later recorded deeds from it to the assignees, does not detract from its clear intention at the time of the assignments.