[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT(No. 134)
A. FACTS
The plaintiff, Thomas Walczyk, alleges that he resided with his parents at their property located at 27 Tunxis Street, Farmington, Connecticut, from 1957 through 1992. From 1, 1972 through 1991, the plaintiff was a tenant of his parents at the 27 Tunxis Street address. The plaintiff further alleges that this property has been in the exclusive possession of his family for approximately the last 76 years. In 1991, the plaintiff's parents quitclaimed all of their right, title and interest in the disputed property to the defendants, Barberino Realty. The plaintiff subsequently, became and is the owner in fee simple. The plaintiff further alleges that from 1967 through the date of this suit, the plaintiff has made use of the right of way over the defendant's property, herein the disputed property. By virtue of this usage, plaintiff is asserting a prescriptive easement, pursuant to General Statutes §47-37[1]. On the other hand, the defendant alleges that the plaintiff has failed to meet the minimum statutory requirement of 15 years of uninterrupted possession or use, as required in General Statutes § 47-37.
B. DISCUSSION
"[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action." (Internal quotation marks omitted.). Miller v. Bourgoin, 28 Conn. App. 491,500, 613 A.2d 292 (1992). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miller v. United Technologies Corp. ,233 Conn. 732, 745, 660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive CT Page 992 law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
(1994); Miller v. United Technologies Corp. , supra 233 Conn. 744. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford SavingsBank v. Roina, 38 Conn. App. 240, 244, 659 A.2d 1226
(1995); Suarez v. Dickmont Plastics Corp. , supra 229 Conn. 105.
The defendant alleges, in its motion for summary judgment and supporting memorandum, that the plaintiff's Fourth Count of the February 21, 1995 complaint raises no question of material fact because "the alleged prescriptive easement has not been appurtenant to a dominant estate for the statutory period as required by Deregibus vs. Silberman Furniture Co.,121 Conn. 633 (1936)." On the contrary, the plaintiff alleges that the plaintiff's status as a tenant and subsequent owner is sufficient, or that the easement acquired is an easement in gross and thus, no dominant or servient estate is necessary.
In the opinion of this court, the controlling authority is Deregibus v. Silberman Furniture Co., 121 Conn. 633,186 A. 553, reversed 124 Conn. 39, 197 A. 760 (1938)[2]. InDeregibus, the court decided:
 [N]o way appurtenant can be created without a dominant as well as a servient estate . . . one who is in possession of land as a tenant at will or for years cannot prescribe in himself. . . . The rule and its reasons have been thus stated: `If the defendants, or those under whom they claim, were in possession as tenants for life, for years, or at will, they could not prescribe in themselves by reason of the imbecility of their estates. A prescription in a que estate must always be laid in the person who is seized in fee simple. 2 Blk. Com. 265.' . . . The next question to be determined is whether his adverse use for the CT Page 993 first nine years of the statutory period predicated upon this claim, gave rise to an inchoate estate by prescription in them, which could pass to him by their deed of the fee, and be tacked to the subsequent period of his adverse use as owner for the necessary balance of the total fifteen years required. . . . Unless the lease is effective to cover the right of way, the plaintiff's adverse use of the way under it cannot enure to the benefit of the lessor. . . . `If the tenant possesses land as tenant, his possession enures to that of the landlord. But if he occupies it, not under the lease, but as a trespasser upon the land of a stranger, the trespass is his, and the penalties and compensations, if any, of the trespass are his also.'" (Internal Citations omitted.).
Deregibus v. Silberman Furniture Co., supra 121 Conn. 637-40.
The plaintiff argues that his lease included the disputed property. However, regardless of whether this is true, it is not dispositive of the claim of prescriptive easement. In this case, the plaintiff was a mere tenant at the beginning of the alleged adverse usage, he may not claim an interest in himself, but his parents may, as the landlord. The critical factor is his parents's quitclaiming all of their right, title and interest to the defendant in 1991. This action negates the plaintiff's argument that he is the beneficiary of his parents' adverse usage of the disputed property. Accordingly, when the plaintiff became the owner in fee simple, he did not obtain any retroactive interest in the disputed property. Deregibus precludes the plaintiff's attempt to tack his use as a tenant on to his rights as an owner, to satisfy the 15-year period. Accordingly it is determined that the plaintiff has failed to demonstrate the existence of a material question of fact regarding his interest in the disputed property for the requisite 15 years.
In view of this court's decision, this court finds the defendant's other arguments unnecessary to reach.
C. CONCLUSION
CT Page 994
For the reasons herein stated, it is concluded that the defendant's motion for partial summary judgment, ought to be and is hereby granted.
It is so ordered,
SALVATOR J. ARENA, J.